UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY MUGGLETON,

    Plaintiff,

v.                                          CASE NO: 8:05-cv-2039-T-23MAP

UNIVAR USA, INC.,

    Defendant.
_____/

**ORDER**

Nancy Muggleton ("Muggleton") sues Univar USA, Inc. ("Univar") for violations of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.*, and negligent infliction of emotional distress (Doc. 2). Asserting subject matter jurisdiction under 28 U.S.C. § 1332, Univar removed this action on November 3, 2005 (Doc. 1). To establish the requisite amount in controversy, Univar points to Muggleton's admission that the amount in controversy exceeds $75,000. Claiming complete diversity of citizenship, Univar asserts that Muggleton is a Florida citizen and that Univar is both incorporated and operates its principal place of business in Washington state (Doc. 1). Muggleton moves to remand (Doc. 8) and curiously insists that the court lacks subject matter jurisdiction because the defendant has established "minimum contacts" with Florida under International Shoe Co. v. Washington, 326 U.S. 310 (1945).

Muggleton seemingly misses the elementary distinction between *personal* jurisdiction, governed by International Shoe and its progeny, and *subject matter*

jurisdiction, properly governed here by 28 U.S.C. § 1332.  Personal jurisdiction, the court's authority to hale a party into court to adjudicate the legal rights of that party, is not in dispute in this case.  For establishing complete diversity of citizenship required for subject matter jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

Univar is unquestionably a Washington corporation.  Indeed, Muggleton attaches as "Exhibit B" to her remand motion (Doc. 8 at 20) a printed copy of the Florida Department of State Division of Corporations website, which lists the defendant as a "foreign profit" corporation whose principal address is "6100 Carillon Point, Kirkland, Washington 98033."  The only remaining question is whether Univar's principal place of business is Florida, which would destroy complete diversity of citizenship.

As the removing party, Univar bears the burden of establishing subject matter jurisdiction.  Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Of course, Univar must establish only that it is a foreign corporation having its principal place of business in a state *other than* Florida.  Walker v. Armco Steel Corp., 446 U.S. 740, 741-42 (1980) (holding that diversity jurisdiction existed where one party was "a resident of Oklahoma" and the opposing party was "a foreign corporation having its principal place of business in a State other than Oklahoma").  "A corporation's principal place of business is determined by looking at the 'total activities' of the corporation."  Sweet Pea Marine, 411 F.3d at 1247 (quoting Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998)).  "This analysis incorporates

both the 'place of activities test' (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation)." Sweet Pea Marine, 411 F.3d at 1247 (quoting Vareka Unv., N.V. v. Am. Inv. Properties, Inc., 724 F.2d 907, 910 (11th Cir. 1984)).

Univar operates two industrial chemical distribution facilities in Florida (one in Jacksonville and one in Tampa) and operates *at least* two such distribution centers in twenty-six other states (Doc. 20-2).  Only fifty-eight of Univar's 3,400 employees work in Florida, and no Florida employee is employed above the position of general manager (Doc. 20-2).  In 2004, $6.3 million of Univar's $2.5 billion net sales, approximately 0.25%, came from its Florida facilities (Doc. 20-2).  By comparison, for example, Univar operates twelve distribution centers in Texas, where it employs 393 employees and earned $28.7 million in net sales for 2004 (Doc. 20-2).  Under the "place of activities test," Florida unquestionably is not Univar's principal place of business.

The "nerve center test" is another influential factor in determining a corporation's principal place of business if it has "far flung" activities.  Sweet Pea Marine, 411 F.3d at 1248.  Because Univar operates distribution facilities in forty-six states and employs over 3,400 people nationwide in eighty-three locations (Doc. 20-2),  the "nerve center test" strongly influences disposition of Muggleton's motion to remand.  Univar's headquarters, directors, officers, and corporate records are located in Kirkland, Washington, the locus of Univar's corporate policies and decisions (Doc. 20-2). Univar's corporate mailing address is Post Office Box 34325, Seattle, Washington

98124 (Doc. 20-2). Under the "nerve center test," Florida unquestionably is not Univar's principal place of business. See Vareka, 724 F.2d at 910.

Muggleton's misplaced argument in her remand motion (Doc. 8) that Univar conducts business in Florida and therefore has "minimum contacts" in Florida fails on its face to raise any defect in Univar's removal of this action based on complete diversity of citizenship. Because Univar and Muggleton unquestionably are citizens of different states under 28 U.S.C. §§ 1332 and 1441, Muggleton's motion to remand is **DENIED**. Univar's request (Doc. 20-1 at 6) for attorney fees incurred in responding to the remand motion is **DENIED**.

ORDERED in Tampa, Florida, on January 5, 2006.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE